UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:14-CR-00081-1-JRG-CRW |
| | ) | |
| MICHELLE NICOLE LANE | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Michelle Nicole Lane's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 106], the United States' Response in Opposition [Doc. 108], and Ms. Lane's Reply [Doc. 109]. Acting pro se, Ms. Lane, a federal inmate who is now serving her custodial sentence at a halfway house in Nashville, Tennessee, [Inmate Profile, Doc. 108-1, at 1–2], is seeking compassionate release because of the COVID-19 pandemic, arguing that COVID-19 it is an extraordinary and compelling reason for her release, [Def.'s Mot. at 3–5].

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Although § 3582(c)(1)(A) begins with the declaration that "[t]he court may not modify a term of imprisonment once it has been imposed," Congress enacted the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018), which amended § 3582(c)(1)(A) so that courts can consider motions for compassionate release once a defendant either exhausts her administrative remedies with the Bureau of Prisons or waits thirty days after submitting a request to the Bureau of Prisons. Section § 3582(c)(1)(A) now states:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—

> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). The United States argues that Ms. Lane has not shown that she has satisfied § 3582(c)(1)(A)'s exhaustion requirement. [United States' Resp. at 5].[1] Although Ms. Lane concedes that the United States is correct, [Def.'s Mot. at 2], she contends that she is not required to satisfy the exhaustion requirement because she "is no longer serving her sentence at a facility but is on home confinement," [Def.'s Reply at 2]. The Court agrees with the United States.

"[A] federal prisoner placed in a halfway house is considered to still be in the custody of the BOP," *Smith v. Heisner*, No. 1:19-CV-202, 2019 WL 2125541, at *2 (W.D. Mich. Apr. 16,

---

[1] Because Ms. Lane is serving the remainder of her custodial sentence in a non-prison setting, the United States maintains that "any such request [for compassionate release] should . . . be directed to the Residential Reentry Management (RRM) office in Nashville, which is overseeing her confinement." [United States' Resp. at 5 n.2].

2019), and federal courts inside and outside this circuit have therefore required federal inmates who are serving the remainder of their sentences in a residential reentry program to satisfy § 3582(c)(1)(A)'s exhaustion requirement, *see, e.g.*, *United States v. Franco*, 973 F.3d 465, 468–69 (5th Cir. 2020) (rejecting the defendant's argument that the exhaustion requirement does not apply to halfway-house residents because the Bureau of Prisons' regulations permit defendants "to file [their] request[s] with the chief executive officer" of their halfway houses); *United States v. Mason*, No. 3:12-CR-127-TAV-HBG, 2021 WL 1238580, at *1 (E.D. Tenn. Apr. 2, 2021) (requiring the defendant to file a "motion for compassionate release (along with evidence of exhaustion of administrative remedies)" even after he had been "transferred to the supervision of the Raleigh Residential Reentry Management field office"); *United States v. Steward*, No. 2:17-cr-20053-10, 2021 WL 509904, at *1 (E.D. Mich. Feb. 11, 2021) ("[T]he text of the First Step Act does not limit the exhaustion requirement to individuals held by the Bureau of Prisons. Rather, it applies to individuals in non-federal prison settings. (citations omitted)).

So while the Court sympathizes with Ms. Lane's concerns, she must provide the Court with documentation showing that she has satisfied § 3582(c)(1)(A)'s exhaustion requirement. Because she has failed to meet this requirement, the Court cannot consider her motion for compassionate release at this time. *See United States v. Alam*, 960 F.3d 831, 833–36 (6th Cir. 2020) (concluding that § 3582(c)(1)(A)'s exhaustion requirement is mandatory and that courts lack license to create a judge-made or an equitable exception to it). Ms. Lane's pro se motion [Doc. 106] is therefore **DENIED without prejudice**.

So ordered.

3

Case 2:14-cr-00081-JRG-MCLC   Document 110   Filed 11/10/21   Page 3 of 4   PageID #: 1858

ENTER:

                                        s/J. RONNIE GREER
                            UNITED STATES DISTRICT JUDGE